IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:12-CR-75-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MICHAEL RONDALE GIBSON, | ) |
| | ) |
| Defendant. | ) |

On September 17, 2020, Michael Rondale Gibson ("Gibson") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 449], and filed a memorandum and documents in support [D.E. 452, 452-1, 452-2, 452-3, 452-4, 452-5]. On November 16, 2020, the government responded in opposition [D.E. 457]. On November 20, 2020, Gibson replied [D.E. 458]. As explained below, the court dismisses Gibson's section 3582 motion.

I.

On November 4, 2013, pursuant to a plea agreement, Gibson pleaded guilty to two counts of using or carrying a firearm during and in relation to a crime of violence, or possession in furtherance thereof, and aiding and abetting. See [D.E. 232, 234]. On February 11, 2014, the court held Gibson's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 261] 1; [D.E. 286] 4. After thoroughly considering all factors under 18 U.S.C. § 3553(a), and upwardly departing under U.S.S.G. § 5K2.21, the court sentenced Gibson to 132 months' imprisonment on count one to run consecutively with 300 months' imprisonment on count two, for a total sentence of 432 months' imprisonment. See [D.E. 260] 2; [D.E. 286] 11–15.

Gibson appealed. See [D.E. 270]. On October 22, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Gibson's sentence. See United States v. Gibson, 636 F. App'x 134, 141 (4th Cir. 2015) (unpublished).

On May 10, 2016, Gibson moved to vacate his sentence under 28 U.S.C. § 2255, alleging that the court abused its discretion in imposing Gibson's sentence. See [D.E. 340] 2. On October 20, 2016, the court stayed Gibson's motion pending decisions in United States v. Walker, 934 F.3d 375 (4th Cir. 2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc). See [D.E. 380]. On August 26, 2019, the United States responded in opposition. See [D.E. 401]. On September 10, 2019, the court dismissed Gibson's section 2255 motion and denied a certificate of appealability. See [D.E. 419]. Gibson appealed. See [D.E. 431]. On October 22, 2019, the Fourth Circuit dismissed Gibson's appeal. See [D.E. 439, 440].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and

2

must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Gibson seeks relief pursuant to section 3582(c)(1)(A). In support, Gibson cites Congress's amendment of section 924(c) in the First Step Act such that the mandatory consecutive 300-month sentence he received on count two would not be imposed today thereby leading to a disparity in penalties. See [D.E. 449] 1–2; [D.E. 452] 5–12, 15. Gibson also cites his age at the time of the offense conduct, his rehabilitation, and his release plan. See [D.E. 452] 13–15; [D.E. 458] 5–6.

Gibson failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). On July 6, 2020, and again on August 13, 2020, Gibson alleges that he submitted requests for a sentence reduction based on his disparity claim to the BOP. See [D.E. 452-1] 1–2. As of September 17, 2020, Gibson alleges that the BOP has failed to respond to Gibson's request. See [D.E. 452] 5. BOP records, however, do not indicate that Gibson submitted the alleged requests. See [D.E. 457-1] 1–3. Moreover, Gibson's requests fail to satisfy section 3582's exhaustion requirements because they did not present a proposed release plan or detail how Gibson would support himself upon release. See 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. § 571.61; United States v. Harris, No. 2:17-cr-78-FtM-

5

38NPM, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020) (unpublished) reconsideration denied by 2020 WL 2615530, at *1 (M.D. Fla. May 22, 2020) (unpublished); United States v. Howard, No. 4:15-CR-18-BR, 2019 WL 7041860, at *3 (E.D.N.C. Dec. 20, 2019) (unpublished). The government has invoked section 3582's exhaustion requirement. See [D.E. 457] 12–13; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court dismisses Gibson's claim for failure to exhaust his administrative remedies.

Alternatively, the court denies Gibson's motion on the merits. Gibson's claim regarding Congress's amendment of section 924(c) in the First Step Act presents an extraordinary and compelling reason consistent with section 3582(c)(1)(A)(i). See McCoy, 981 F.3d at 284–88. Even so, the section 3553(a) factors counsel against reducing Gibson's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Gibson is 29 years old and engaged in extremely violent criminal conduct. From September 2011 to January 2012, Gibson and his coconspirators embarked on a horrific criminal rampage in the Eastern District of North Carolina. Specifically, Gibson violently robbed five restaurants in Greenville and Robersonville, North Carolina. See PSR [D.E. 251] ¶¶ 1–14. During these robberies, Gibson and his coconspirators terrorized their victims by brandishing firearms and knives and holding restaurant employees at gunpoint. See id. Nonetheless, Gibson has taken some positive steps while incarcerated. See [D.E. 452] 13–14; [D.E. 458] 5–6. The court also has considered Gibson's age at the time of the offense conduct and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the section 3553(a) factors,

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

Gibson's arguments, and the need to punish Gibson for his horrific criminal behavior, to incapacitate Gibson, to promote respect for the law, to deter others, and to protect society, the court declines to grant Gibson's section 3582 motion. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DISMISSES Gibson's section 3582 motion for failure to exhaust administrative remedies [D.E. 449]. Alternatively, the court DENIES Gibson's section 3582 motion.

SO ORDERED. This 18 day of January 2021.

JAMES C. DEVER III
United States District Judge